**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

LOREN CROUCH,                            )
                                         )
                        Petitioner,      )
              v.                         )        No. 2:08-cv-399-LJM-JMS
                                         )
GILBERT PETERS, Superintendent,          )
 Branchville Correctional Facility,      )
                                         )
                        Respondent. )

**Entry Discussing Petition for Writ of Habeas Corpus**

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* Because habeas petitioner Loren Crouch ("Crouch") has failed to show that this is the case with respect to the disciplinary proceeding challenged in this case, his petition for a writ of habeas corpus must be **denied** and this action dismissed.

**Discussion**

In a disciplinary proceeding identified as No. WVS 08-04-0060, Loren Crouch was found guilty of violating prison rules at the Wabash Valley Correctional Facility, an Indiana prison, by  committing attempting to traffick. The evidence favorable to the decision of the conduct board is that Crouch assisted in packaging tobacco at Shakamak State Park, Jasonville, Indiana, for the purpose of bringing such packages into the prison in his coffee mug and in his boots. Contending that the proceeding was constitutionally infirm, Crouch seeks a writ of habeas corpus.

Indiana state prisoners have a liberty interest in their good-time credits and therefore are entitled to due process before the state may revoke them. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). The right to due process in this setting is important and is well-defined. Due process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *See Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 564, 566, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

"The best way to conduct analysis under § 2254 is to assume that the state wants to act exactly as its officers . . . have done, and then ask whether the federal Constitution countermands that decision." *Hill v. Wilson,* 519 F.3d 366, 370 (7th Cir. 2008) (citing cases). Under *Wolff* and *Hill,* Crouch received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Crouch was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of its findings, and (3) the conduct board issued a written reason for its decision and for the sanctions which were imposed.

Crouch's claims that he was denied the protections afforded by *Wolff* are refuted by the expanded record and based on assertions which do not entitle him to relief. Specifically, (1) the evidence was sufficient because the report of conduct is specific and is consistent with the inculpatory statements given by Crouch himself, *Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994), (2) the asserted violation of prison regulations does not support habeas corpus relief, *Evans v. McBride,* 94 F.3d 1062 (7th Cir. 1996); *Colon v. Schneider,* 899 F.2d 660, 672-73 (7th Cir. 1990); *see also Del Vecchio v. Illinois Dept. of Corrections,* 31 F.3d 1363, 1370 (7th Cir. 1994)(habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law), *cert. denied,* 516 U.S. 983 (1995), and (3) the existence of a criminal prosecution based on the same events did not implicate the constitutional prohibition against double jeopardy because double jeopardy does not apply in the context of prison disciplinary proceedings. *Garrity v. Fiedler,* 41 F.3d 1150, 1152 (7th Cir. 1994) (citing cases).

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Crouch to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:   06/05/2009

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana